IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

GREGORY ROWE, CODY PILKINTON, )
)
                     Plaintiffs, )
)
                v. )    Case No. 6:16-03259-CV-RK
)
CRAIG HAMILTON, d/b/a )
HAMILTON PAINTING )
)
                     Defendant. )

## ORDER

Before the Court is Plaintiffs' Motion for Conditional Certification and Notification of All Putative Class Members. (Doc. 18.) The Court finds for purposes of conditional certification, Plaintiffs have established a colorable basis for their claim that the putative class members were victims of a single decision, policy, or plan implemented by Defendant Craig Hamilton, d/b/a/ Hamilton Painting ("Hamilton") resulting in violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Upon consideration of the parties' briefing and exhibits, and for the reasons stated below, the motion (doc. 18) is GRANTED in part.

**I.    Background**

Plaintiffs brought this collective action under the FLSA on behalf of themselves and "similarly situated" employees of Hamilton.[1] (Doc. 26.) Plaintiffs allege they, along with other painters employed by Hamilton, were subject to Hamilton's compensation policy and practice resulting in compensation that did not meet the overtime requirements of the FLSA. (*Id*.)

Plaintiffs move for conditional certification of the collective action. (Doc. 18.) Plaintiffs request the Court conditionally certify this matter as a collective action for unpaid wages pursuant to the FLSA and authorize Plaintiffs to send notice under FLSA § 216(b) to all current and former painters who worked for Hamilton within the past three years. (Doc. 18-1.) Plaintiffs also request the Court appoint their counsel as interim class counsel. (Doc. 18.)

---

[1] Plaintiffs also assert a claim under the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et. seq.,* which is not relevant to the instant motion.

**II.     Discussion**

The FLSA requires employers to pay most employees a regular hourly rate for up to forty (40) hours a week and overtime compensation at a rate of one and one-half times the regular rate for hours worked in excess of forty (40). 29 U.S.C. §§ 206, 207(a)(1). Additionally, it provides a private right of action to recover damages for violations of the FLSA's overtime provisions, including unpaid wages, plus an equal amount in liquidated damages for violations of §§ 206 and 207. 29 U.S.C. § 216(b). Such action may be brought by an employee for himself and on behalf of "other employees similarly situated." *Id.* In an FLSA collective action, plaintiffs must "opt-in" to participate. *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1228-29 (W.D. Mo. 2007).

**A.     Conditional Certification of the Class**

"A district court may certify a case as a collective action only if members of the collective are 'similarly situated' or raise similar legal issues regarding coverage, exemption, or nonpayment of wages[.]" *Taylor v. Bear Communs., LLC*, No. 4:12-CV-01261-BCW, 2013 U.S. Dist. LEXIS 90352, at *4 (W.D. Mo. June 27, 2013) (citation omitted). "The plaintiff bears the burden of establishing he or she is similarly situated to other members of the proposed class." *Id.* (citation omitted).

The FLSA does not define the term "similarly situated," and federal courts have applied varying standards to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b). *Kautsch v. Premier Communs.*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007). Although the Eighth Circuit has not articulated a standard for conditionally certifying FLSA classes, the majority of the district courts in the Eighth Circuit use a two-step process. *Id.* (collecting cases); *see also Taylor*, 2013 U.S. Dist. LEXIS 90352 at *5 (collecting cases).

Under the two-step process, during the first stage, plaintiffs move for class certification for the limited purpose of providing notice to putative class members. *Kautsch*, 504 F. Supp. 2d at 688. During this stage, the "similarly situated" threshold requires only a "modest factual showing." *Id.* at 690 (citing *Realite v. Ark. Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998); *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005) (other citations omitted)). Courts do not evaluate the merits of the plaintiffs' claim at this early stage. *Polzin v. Schreiber Foods, Inc.*, No. 10-1117-CV-SW-GAF, 2011 U.S. Dist. LEXIS 142955, at *7 (W.D. Mo. Aug. 15, 2011). Instead, plaintiffs "need only establish a colorable basis for [a] claim that the putative class members were together the victims of a single decision, policy, or

plan." *Id.* (citing *Kautsch*, 504 F. Supp. 2d at 688) (internal quotations marks omitted). This "lenient standard generally results in conditional certification of a representative class[.]" *Polzin*, 2011 U.S. Dist. LEXIS 142955, at *9. As such, any doubts in the notice stage should favor granting of conditional certification. *Id.*

If the court allows conditional certification of a class, "putative class members are given notice and the opportunity to 'opt-in,' and the action proceeds as a collective action throughout discovery." *Id.* at *7-8. "At the second step of the process, the defendant may move to decertify the class." *Id.* This step generally occurs after discovery is complete when the parties and court have more information. *Kautsch*, 504 F. Supp. 2d at 688.

Here, the Court's analysis is limited to the notice step, or first step in the process. Applying a lenient standard, and based on the Plaintiffs' pleadings and affidavits, the Court finds, at this stage in the litigation, Plaintiffs have established a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan by Hamilton. Although Plaintiffs provide varying painting duties, the basic claim is that the employees' painting activities which regularly lasted over forty (40) hours a week, along with Hamilton's policy, resulted in unpaid overtime compensation. Such allegations indicate Hamilton may have implemented a uniform decision, policy, or plan consistently failing to properly compensate employees for overtime work in violation of the FLSA. Therefore, the Court will grant conditional certification.

### B. Statute of Limitations

Plaintiff and Hamilton dispute whether a two-year or three-year statute of limitations applies to the FLSA claim and should therefore apply to the notice. The statute of limitations for FLSA claims is two years unless a defendant's conduct was willful, in which case the limitations period is extended to three years. 29 U.S.C. § 255(a). Whether a defendant's FLSA violations, if any, were willful concerns the merits of an action and are not properly entertained at the first stage of conditional certification. *See Kautsch*, 504 F. Supp. 2d at 690 (declining to evaluate willfulness at the notice stage of conditional certification); *Speer v. Cerner Corp.*, No. 14-0204-CV-W-FJG, 2016 U.S. Dist. LEXIS 41830, at *17-18 (W.D. Mo. Mar. 30, 2016) (collecting cases holding that "where there is a dispute as to whether willful violations occurred, courts in this district find certification of a three-year class is appropriate"); *Christiansen v. Glazer*, No. 12-01283-CV-W-GAF, 2013 U.S. Dist. LEXIS 195110, at *8 (W.D. Mo. Sep. 4, 2013)

("Whether a violation is willful is an issue of fact[.]"). Furthermore, at the notice stage, "justice is most readily served by notice reaching the largest number of potential plaintiffs." *Kautsch*, 504 F. Supp. 2d at 690. Therefore, at this stage the Court determines that a three-year statute of limitations is appropriate for notice purposes.[2] Additionally, the Court determines that the timing for persons eligible to receive notice is calculated from September 16, 2016, pursuant to the parties' joint stipulation (doc. 23) regarding tolling of putative class member claims.[3]

### C.  Notice and Consent

With Plaintiffs' Motion for Conditional Certification and Notification of All Putative Class Members (doc. 18) Plaintiffs submit a proposed notice and consent form for Court approval (doc. 18-1). Hamilton objects to certain, specific aspects of the proposed notice. (Doc. 36.) In response, Plaintiffs state that they agree to amend pursuant to one of Hamilton's objections and may be amenable to some of Hamilton's other suggested edits. Plaintiffs request that the Court allow the parties to meet and confer in an effort to resolve the issues and allow the parties to brief issues remaining, if any, after that process. While the Court is not requiring Hamilton to provide e-mail addresses for putative class members, the Court will permit putative class members to execute their consent via an electronic signature service if a link can be provided on the notices sent by mail. With that guidance, the Court directs the parties to confer in an attempt to resolve the remaining disputes related to the proposed notice and consent.

## III.  Conclusion

The Court finds Plaintiffs have presented at least a modest factual showing that Plaintiffs and the putative class members were victims of a single decision, policy, or plan. Accordingly,

1. Plaintiffs' Motion for Conditional Certification and Notification of All Putative Class Members (doc. 18) is GRANTED in part and Plaintiffs' request to approve the proposed notice and consent (doc. 18-1) is DENIED subject to resubmission;

2. The parties are directed to confer regarding objections to the proposed Notice and consent (doc. 18-1) within seven (7) days from the date of this Order. Plaintiffs shall submit a

---

[2] This holding is not dispositive on whether willful violations were in fact committed, and if later raised, the Court will address willfulness to determine whether Hamilton's damages are limited to two (2) or three (3) years under the FLSA's statute of limitations.

[3] However, the class is properly defined to include employees dating back to three years prior to the filing of the lawsuit because that is when the statute of limitations stopped running for Plaintiffs Rowe and Pilkinton.

revised proposed notice and consent with an explanation of any remaining issues consistent with this Order within fourteen (14) days from the date of this Order.  Hamilton may file a response and/or alternative proposal within seven (7) days from the date of Plaintiffs submission.  In addition to filing proposals with the Court, the parties are directed to e-mail proposals to my Courtroom Deputy, latandra_wheeler@mow.uscourts.gov, in MS Word format.

      3. Hamilton shall provide Plaintiffs' counsel with the full names and last known addresses for all current and former employees employed by Hamilton as painters from three years prior to September 16, 2016.  Hamilton shall provide this information within fourteen (14) days from the date of this Order and shall provide Plaintiffs' counsel with an electronic copy of the information.

      4. The opt-in period for individuals to join the class shall be sixty (60) days from the date Plaintiffs' counsel mails the notice and consent forms.  Plaintiffs are not permitted to send a reminder notice.

      5. Plaintiffs' counsel that are currently listed as counsel on the Electronic Court Filing System are authorized to act as interim class counsel.

      **IT IS SO ORDERED.**

                                          s/ Roseann A. Ketchmark
                                          ROSEANN A. KETCHMARK, JUDGE
                                          UNITED STATES DISTRICT COURT

DATED:  February 16, 2017